KEVIN R. BURKE *v.* YVETTE BARR KLEVAN
(AC 32258)

Gruendel, Beach and West, Js.

Argued June 3—officially released July 26, 2011

*Allen A. Currier*, for the appellant (plaintiff).

*Simon I. Allentuch*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Kevin R. Burke, appeals from the summary judgment rendered by the trial court in favor of the defendant, Yvette Barr Klevan. On appeal, the plaintiff claims that the court improperly concluded that his action was timed barred by the applicable statutes of limitations[1] and could not be saved by General Statutes § 52-595.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. In 1989, the parties commenced an

---

[1] The plaintiff's cause of action sounds in three counts: intentional infliction of emotional distress, misrepresentation or deceit, and negligence. It is undisputed that the intentional infliction of emotional distress and misrepresentation or deceit counts are governed by the three year statute of limitations pursuant to General Statutes § 52-577, while the negligence count is governed by the two year statute of limitations prescribed by General Statutes § 52-584.

[2] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

intimate relationship that lasted approximately two years and ended abruptly when the plaintiff's wife discovered his extramarital affair with the defendant. Nonetheless, in July, 2005, the parties renewed their intimate relationship and began having unprotected sex regularly, given the defendant's representation that she was "clean and sterile." In October, 2005, the plaintiff was treated for symptoms of a urinary tract infection and, because he had never experienced such symptoms previously, inquired of the defendant whether she had ever been diagnosed with a venereal disease. Based on the plaintiff's inquiries, the defendant visited her gynecologist and was tested for various venereal diseases, including human papilloma virus (HPV) and genital herpes type-1 (herpes). On October 18, 2005, the defendant was informed that she was infected with both HPV and herpes.[3] That same day,[4] the defendant authorized her gynecologist to speak with the plaintiff regarding her test results, and the plaintiff was informed of her infections.[5] The parties thereafter ended their relationship.

After the parties' relationship ended, the plaintiff began experiencing advanced symptoms associated with HPV and herpes and attempted to contact the defendant in an effort to acquire more information as to her diagnosis, but the defendant refused to provide further information. On January 5, 2009, the plaintiff

[3] The defendant testified in her deposition that October 18, 2005, "was the first time [she] knew that [she] had [HPV and herpes]." The plaintiff has not produced any evidence to contradict this assertion.

[4] We note that there is a one day discrepancy between the date that the defendant testified her gynecologist spoke with the plaintiff and the date that the court found this conversation to have occurred. Nevertheless, our disposition of the plaintiff's appeal remains unaffected.

[5] The plaintiff testified in his deposition that when told initially of the defendant's infections, "the first thing was [he] vomited. [He] was sick, because [he] recognized the implication of it. [He] avoided getting tested for months, just because [he] was upset. [He] did ultimately get tested, and [he is] positive [for HPV and herpes]."

served a three count complaint on the defendant, alleging intentional infliction of emotional distress, misrepresentation or deceit and negligence on the basis of the parties' sexual relationship and his infectious symptoms. The plaintiff later learned, on September 4, 2009, that he was infected with a specific strain of HPV that may cause cancer and filed an amended complaint on November 13, 2009, to include factual allegations in this regard.[6]

On December 9, 2009, the defendant filed an amended motion for summary judgment, arguing that the plaintiff's claims for intentional infliction of emotional distress and misrepresentation or deceit were time barred under General Statutes § 52-577, while the plaintiff's claim for negligence was time barred under General Statutes § 52-584. Specifically, the defendant argued that the plaintiff's cause of action accrued no later than the day that he was informed of her infections, October 18, 2005, yet he failed to bring suit until approximately three years and three months later, well after the statutes of limitations had expired under both §§ 52-577 and 52-584. In opposition, the plaintiff argued that the statutes of limitations did not begin to run until September 4, 2009, the day that he learned of the full extent of his HPV infection. Additionally, the plaintiff argued that, even if the statutes of limitations began to run on October 18, 2005, the defendant's fraudulent concealment of the precise nature of her infections served to toll the expiration of the statutes of limitations pursuant to § 52-595. A hearing was held on March 1, 2010, and the court issued a memorandum of decision granting the defendant's motion for summary judgment on April 30, 2010. In so ruling, the court reasoned that the statutes of limitations began to run with respect to each of the plaintiff's counts on October 18, 2005, and "there

---

[6] Notably, the specific counts of the plaintiff's cause of action remained the same throughout the underlying proceedings.

is no issue of material fact which would have prevented the statute of limitations for counts one and two from expiring on October 18, 2008," and that the statute of limitations for the negligence count "expired on October 18, 2007." As such, the court concluded that the plaintiff's claims for intentional infliction of emotional distress and misrepresentation or deceit were time barred under § 52-577, while the plaintiff's claim for negligence was time barred under § 52-584. This appeal followed.

The plaintiff now claims that the court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiff argues that the court incorrectly concluded that the statutes of limitations began to run with respect to his cause of action on October 18, 2005, and that expiration of the statutes of limitations was not tolled by application of § 52-595.

"[T]he scope of our review of the granting of a motion for summary judgment is plenary. . . . In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Summary judgment may be granted where the claim is barred by the statute of limitations. . . .

"Although the application of this rule may result in occasional hardship, [i]t is well established that ignorance of the fact that damage has been done does not prevent the running of the statute, except where there is something tantamount to fraudulent concealment of a cause of action. . . . While the statute of limitations normally begins to run immediately upon the accrual

of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. . . . The true test for determining the appropriate date when a statute of limitations begins to run is to establish the time when the plaintiff first successfully could have maintained an action. That is, an action cannot be maintained until a right of action is complete and hence, the statute of limitations cannot run before that time. . . . A cause of action does not accrue for the purposes of a statute of limitations until all elements are present, including damages, however trivial. However, the occurrence of an act or omission—whether it is a breach of contract or of duty—that causes a direct injury, however slight, may start the statute of limitations running against the right to maintain an action even if the plaintiff is not aware of the injury, and even if all resulting damages have not yet occurred; it is sufficient if nominal damages are recoverable for the breach or for the wrong, and where that is the case, it is unimportant that the actual or substantial damage is not discovered or does not occur until later. The fact that the extent of the damages cannot be determined at the time of the wrongful act does not postpone the running of the statute of limitations." (Citations omitted; internal quotation marks omitted.) *Rosenfield* v. *I. David Marder & Associates, LLC*, 110 Conn. App. 679, 684–86, 956 A.2d 581 (2008).

In the present case, we need not articulate the essential elements of the plaintiff's claims for intentional infliction of emotional distress, misrepresentation or deceit, and negligence, as it is abundantly clear that each of these claims accrued no later than October 18, 2005. Not only does the record show that the plaintiff began experiencing symptoms consistent with a HPV or herpes infection in October, 2005, it is undisputed that the plaintiff was informed at this time by the defendant's gynecologist that the defendant had tested positive for both HPV and herpes. In addition to his physical

symptoms, the plaintiff acknowledged that, when told of the defendant's infections, he suffered extreme anxiety, as he "recognized the implication of [her infections]." The fact that the plaintiff claims he did not learn the full extent of his exposure to the defendant's HPV infection until September 4, 2009, does not alter our analysis because "[t]he fact that the extent of the damages cannot be determined at the time of the wrongful act does not postpone the running of the statute of limitations." (Internal quotation marks omitted.) *Rosenfield* v. *I. David Marder & Associates, LLC*, supra, 110 Conn. App. 686. Although the plaintiff claims that the defendant fraudulently concealed the precise nature of her diagnosis for HPV, he has failed to produce any evidence contradicting her assertion that she was not diagnosed with such an infection until October 18, 2005. Nor has the plaintiff produced evidence demonstrating that the defendant concealed any element of his cause of action, which remained unchanged throughout the underlying proceedings. Indeed, the fact that the defendant authorized her gynecologist to disclose the results of her testing for venereal diseases is clearly more indicative of full disclosure than fraudulent concealment.

In sum, we conclude that the record demonstrates unequivocally that all of the plaintiff's claims against the defendant accrued no later than October 18, 2005. As such, the latest possible date that suit properly could be brought on these claims was October 18, 2008. The plaintiff, however, did not serve his complaint on the defendant until January 5, 2009. We therefore agree with the court that "there is no issue of material fact which would have prevented the statute of limitations . . . from expiring on October 18, 2008." Accordingly, the court properly granted the defendant's motion for summary judgment, and the plaintiff's claims to the contrary are unavailing.

The judgment is affirmed.

In this opinion the other judges concurred.